# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MOLLY JOLL,<br>　　Plaintiff,<br><br>v.<br><br>VALPARAISO COMMUNITY SCHOOLS,<br>　　Defendant. | )<br>)<br>)<br>)　CAUSE NO.: 2:16-CV-338-JEM<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 23], filed by Defendant Valparaiso Community Schools on October 19, 2017. For the following reasons, the motion is granted.

## I.  Procedural Background

On July 19, 2016, Plaintiff Molly Joll filed a Complaint alleging that she was discriminated against on the basis of her age and/or gender when she was not selected by Defendant for either high school coaching position for which she applied and was interviewed, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act. On October 19, 2017, Defendant filed a Motion for Summary Judgment. Plaintiff filed a response on December 1, 2017, and on December 18, 2017, Defendant filed a reply.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.  Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107,

110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Liberty Lobby*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

**III.    Material Facts**

Northern District of Indiana Local Rule 56-1 requires the moving party to include with its motion for summary judgment a "'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). In response, the opposing party is obligated to file a "'Statement of Genuine Disputes' that identifies the material facts that the party contends are genuinely disputed." N.D. Ind. L.R. 56-1(b)(2). In this case, as the moving party, Defendant has submitted a Statement of Material Facts, along with appropriate citations to supporting evidence. Plaintiff has not submitted a Statement of Genuine Disputes. She has included a "Statement of Facts," with some citations to evidence, but does not clearly identify which of Defendant's facts, if any, she disagrees with, and Defendant objects that some of the evidence she relies upon is inadmissible. *See* Fed. R. Civ. P. 56(c). In the interest of justice, the Court has attempted to ascertain areas of dispute, but reminds counsel for Plaintiff that failure to comply with applicable rules can be fatal to their client's case. *See Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

Plaintiff began working for Defendant Valparaiso Community Schools in 1991 as a middle school teacher. In addition to her work as a teacher, she has also coached track and cross country at the middle school level, was an assistant cross country coach at the college level from approximately 1994 until 2004, and coached track at the high school level prior to 1995.

In June 2014, Plaintiff applied for the position of assistant girls' cross country coach for the high school. She interviewed for the position with the high school principal and head coach. In mid-July, the athletic director advised Plaintiff that she was not selected, and when she asked, he informed her that the person they chose had more recent high school coaching experience. The

selected assistant girls' cross country coach, a man, had been a high school cross country coach at another school since 2008.

On that call, the athletic director advised Plaintiff that Defendant would soon be hiring an assistant boys' cross country coach, and Plaintiff submitted another letter of interest for that position. She was interviewed by the head coach and the athletic director, but again was not selected for the job. The man who was selected was already working at the high school, had previous high school track coach experience, and was volunteering as a boys' high school cross country coach at the time of his selection for the position. Both men hired as assistant coaches were younger than Plaintiff, who was 52 at the time of the interviews.

## IV. Analysis

Defendant moves for summary judgment on Plaintiff's claims for discrimination under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). Title VII prohibits discrimination "against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA makes it unlawful for an employer to "fail or refuse to hire" a potential employee "because of such individual's age." 29 U.S.C. § 623(a)(1); *see Ripberger v. Corizon, Inc.*, 773 F.3d 871, 880 (7th Cir. 2014). ADEA protection extends to individuals who are 40 years of age or older. 29 U.S.C. § 631(a). On a motion for summary judgment, a plaintiff may demonstrate a genuine issue for trial by demonstrating that "the evidence would permit a reasonable factfinder to conclude that the plaintiff's . . . sex . . . or other proscribed factor caused the discharge or other adverse employment action. Evidence must be considered as a whole, rather than asking whether any particular piece of evidence proves the case by itself." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016); *see also Chaib v. Geo Grp., Inc.*, 819

F.3d 337, 341 (7th Cir. 2016). Accordingly, "the sole question that matters" is "[w]hether a reasonable juror could conclude that" the plaintiff would have been hired if she had a different sex or age, "and everything else had remained the same." *Ortiz*, 834 F.3d at 764 (citing *Achor v. Riverside Golf Club*, 117 F.3d 339, 341 (7th Cir. 1997); *Troupe v. May Dep't Stores Co.*, 20 F.3d 734 (7th Cir. 1994)). A plaintiff may also make a case for going to trial under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Ortiz*, 834 F.3d at 766; *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 604 (7th Cir. 2012) (finding that the *McDonnell Douglas* burden-shifting framework is applicable in ADEA cases after *Gross v. FBL Financial Services*, 557 U.S. 167, 176 (2009)); *Egonmwan v. Cook Cty. Sheriff's Dep't*, 602 F.3d 845, 850 (7th Cir. 2010). Thus, at the summary judgment stage, the proper question before the Court is whether the evidence would permit a reasonable factfinder to conclude that Plaintiff's sex and /or age caused plaintiff's adverse employment action – in this case, that she was not hired because of her sex or age. *Ortiz*, 834 F.3d at 765. The burden is on the plaintiff to demonstrate that genuine issues exist for trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 897 (7th Cir. 2003).

There is no dispute in this case that Plaintiff belongs to a protected class by virtue of her gender and age, that she was not selected for either assistant coaching job, and that two younger men were awarded the positions instead. Since these facts establish a *prima facie* case of failure to hire, Defendant must "produce evidence of 'a legitimate nondiscriminatory reason for the employment action'; if the employer produces evidence of a legitimate reason, the plaintiff must then produce evidence that the employer's 'stated reason is a pretext.'" *Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 891–92 (7th Cir. 2016), cert. denied, 137 S. Ct. 1328, 197 L. Ed. 2d 517 (2017) (quoting *Simpson v. Beaver Dam Cmty. Hosps., Inc.*, 780 F.3d 784, 790 (7th Cir. 2015)). Defendant explains that it wanted to hire individuals who had experience coaching cross country at a high school level,

something that Plaintiff has never done, except perhaps in a volunteer role.[1] The successful job candidates both had recent high school cross country coaching experience, and, Defendant argues, were therefore better qualified than Plaintiff.

Since Defendant has given reasons for its hiring decisions that are gender- and age-neutral, the burden shifts to Plaintiff to show that these reasons are pretextual. *York v. Peake*, 286 F. App'x 318, 321 (7th Cir. 2008) ("Confronted with these legitimate, nondiscriminatory reasons for hiring [another candidate], the burden shifted back to [the plaintiff] to prove pretext: either that the reasons proffered by the [the defendant] are dishonest or the [defendant]'s true motive was. . . discrimination."). "A 'pretext for discrimination' means more than an unusual act; it means something worse than a business error; 'pretext' means deceit used to cover one's tracks." *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 684 (7th Cir. 2000); *see also Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1175 (7th Cir. 2002); *Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1005 (7th Cir. 2001). Accordingly, if Defendant "honestly believed" the reasons it gave for rejecting Plaintiff's candidacy, Plaintiff cannot show pretext even if the reasons "were 'mistaken, ill considered or foolish.'" *Millbrook*, 280 F.3d at 1175 (quoting *Jordan v. Summers*, 205 F.3d 337, 343 (7th Cir. 2000)); *see also Reed v. Lawrence Chevrolet, Inc.*, 108 F. App'x 393, 398 (7th Cir. 2004).

First, Plaintiff argues that she was just as qualified or more qualified than the men who were hired. The Seventh Circuit has held

---

[1] In her statement of facts, Plaintiff asserts that "[s]he previously volunteered with the VHS Girls' Cross Country Team," citing to Defendant's Response to Plaintiff's Request for Production, which is a letter of reference provided by a third party referring generally to Plaintiff's past experience. The volunteer position is not on Plaintiff's resume and Plaintiff does not indicate any of her own deposition testimony reflecting volunteer high school cross country coaching experience. As described above, Plaintiff did not provide a statement of genuine disputes, nor did Plaintiff specifically designate admissible evidence regarding this experience. *See* Fed R. Civ. P. 56(c); *United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010) ("[S]ummary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact.").

> that where an employer's proffered non-discriminatory reason for its employment decision is that it selected the most qualified candidate, evidence of the applicants' competing qualifications does not constitute evidence of pretext 'unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue.' In other words, '[i]n effect, the plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that 'no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'

*Millbrook*, 280 F.3d at 1180–81 (quoting *Deines v. Texas Dept. of Prot. and Regulatory Services*, 164 F.3d 277, 279 (5th Cir.1999), *Byrnie v. Town of Cromwell*, 243 F.3d 93, 103 (2d Cir. 2001)).

In this case, Plaintiff argues her qualifications were better than those of the successful applicants since she had more cumulative years of coaching experience than either other candidate, had experience coaching girls, and had coached at the college level, which, she argues, is "superior to coaching experience at the high school level." She also asserts that since she had previously volunteered with a high school girls' cross country team,[2] this volunteer experience should be considered equivalent to the fact that the person selected as the high school boys' assistant cross country coach was volunteering as a coach with that team. However, "[a] plaintiff seeking to prevent summary judgment on the strength of relative qualifications must have credentials so much better than the person(s) selected that the disparity virtually jumps off the page and slaps us in the face." *Reed,* 108 F. App'x at 401 (quoting *Deines*, 164 F.3d at 280) (quotation marks omitted). "[P]retext can be established only if the disparity between the plaintiff and the person hired is so great that no reasonable person could disagree that the plaintiff was better qualified," and in this case Plaintiff has not demonstrated that she was "unquestionably better qualified" than the people hired for the jobs.

---

[2] A fact that, as described above, is not supported by admissible evidence but will be accepted for the purposes of this argument.

*Gullett v. Town of Normal, Ill.*, 156 F. App'x 837, 840 (7th Cir. 2005) (citing *Cichon v. Exelon Generation Co.,* 401 F.3d 803, 813 (7th Cir.2005), *Millbrook,* 280 F.3d at 1180).

Plaintiff also argues that the reasons given for choosing the other candidates were false, since recent experience coaching high school cross country was not a requirement listed on either job description. However, the fact that an advertisement did not list all of the skills that ended up being important to the hiring decision "just shows that [the defendant] hired a person with more skills than those sought in the advertisement . . . [The defendant] was permitted to hire the candidate it believed to be the most qualified from its applicant pool." *Currie v. Paper Converting Mach. Co.*, 202 F. App'x 120, 122–23 (7th Cir. 2006); *see also Tai v. Shinseki*, 325 F. App'x 444, 447 (7th Cir. 2009) ("[The plaintiff] . . . complain[s] that the reasons the [defendant] now offers for preferring the chosen applicant were not listed in the job posting as job requirements. . . . But absent some evidence or argument that the[se] . . . were not desirable attributes, [the plaintiff]'s argument goes nowhere."). Plaintiff does not argue that previous high school cross country coaching experience is not a desirable attribute for jobs coaching high school cross country teams. She does argue that some of the other reasons given by Defendant for hiring other candidates would apply as much or more to Plaintiff than to the successful applicants, such as presence in the high school building during the school day. Again, however, "so long as the employer does not base its decision on criteria that are unlawful, we 'must respect the employer's unfettered discretion to choose among qualified candidates.' A court's role is to prevent unlawful hiring practices, not to second-guess employers' business decisions." *Bernales v. Cty. of Cook,* 37 F. App'x 792, 795 (7th Cir. 2002) (quoting *Milbrook*, 280 F.3d at 1181); *see also Reed*, 108 F. App'x at 398 ("[E]ven if the defendants' reasons for selecting one candidate over another were mistaken, ill-considered or foolish, pretext has not been shown so long as the employer honestly believed those reasons.")

(quoting *Milbrook*, 280 F.4d at 1175) (internal quotation marks omitted); *Milbrook*, 280 F. 3d at 1175 ("The question is not whether the employer properly evaluated the competing applicants, but whether the employer's reason for choosing one candidate over the other was honest.").

Plaintiff also describes some questions asked of her during the interview process as evidence that the decisions not to hire her were based on her gender: she was asked about whether she could make the time commitment to the current coaching job after having resigned from a previous position the year before due to personal scheduling conflicts and was asked how she would handle coaching her own child on the high school cross country team. Plaintiff also refers to an affidavit completed by the athletic director indicating that the successful candidate's personality was a better fit for the girls' cross country assistant coach position. Plaintiff argues that these considerations indicate that Defendant was motivated by gender stereotypes in making its decisions. However, personality fit, schedule, and ability to perform the duties of the job are relevant to the business decisions made by Defendant, and Plaintiff has not presented any evidence that the reasons being given by Defendant were pretext for discriminating against her on the basis of her gender. *See, e.g., Cichon*, 401 F.3d at 815 ("[B]ecause [the plaintiff] has the ultimate burden of proof to demonstrate that [the defendant] engaged in retaliatory conduct, he cannot create a triable dispute of fact if his only 'evidence' is that [the defendant]'s witnesses are not worthy of belief. . . . [The plaintiff]'s indirect, insubstantial evidence fell far short of demonstrating that [the defendant]'s proffered reason for hiring [someone else] was pretextual.") (quoting *Millbrook*, 280 F.3d at 1181) (internal quotation marks and other citations omitted); *Gullett*, 156 F. App'x at 841–42 ("[A] stray remark made months ahead of a hiring decision does not constitute direct evidence of discriminatory animus. A single remark *may* constitute indirect evidence of pretext in some cases, but this one. . . appears to express strong personal dislike rather than sex-based animus.") (internal citations omitted).

Plaintiff has failed to set forth any facts demonstrating that her credentials were so superior to those of the people selected to be assistant coaches that no reasonable people would have hired them instead of hiring her, nor has she submitted any other proof that the reasons given for hiring the other candidates were pretextual. Accordingly, summary judgment is appropriate.

**V.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment [DE 23].

The Court hereby **DENIES as moot** Defendant's Motion to Bar Testimony of Dr. Stacey Miller [DE 21].

The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant Valparaiso Community School Corporation and against Molly Joll as to all the claims in her Complaint.

So ORDERED this 4th day of June, 2018.

                                    s/ John E. Martin
                                    MAGISTRATE JUDGE JOHN E. MARTIN
                                    UNITED STATES DISTRICT COURT

cc:     All counsel of record