# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MOLLY JOLL,  )  <br>     Plaintiff,  ) <br> ) <br> v.  ) <br> ) <br> VALPARAISO COMMUNITY SCHOOLS,) <br>     Defendant.  ) | CAUSE NO.: 2:16-CV-338-JEM |

## OPINION AND ORDER

This matter is before the Court on a Motion for Reconsideration [DE 38], filed by Plaintiff on June 14, 2018. Defendant filed a response on June 27, 2018. Plaintiff has not filed a reply, and the time to do so has passed.

**I.  Procedural Background**

On July 19, 2016, Plaintiff Molly Joll filed a Complaint alleging that she was discriminated against on the basis of her age and/or gender when she was not selected by Defendant for either high school coaching position for which she applied and was interviewed, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act. On October 19, 2017, Defendant filed a Motion for Summary Judgment, which was granted by the Court's Opinion and Order of June 4, 2018.

**II.  Standard of Review**

Federal Rule of Civil Procedure 59 provides for a party to file a motion to alter or amend a judgment within 28 days of its entry. A motion brought pursuant to Federal Rule of Civil Procedure 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (quoting *Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). However,

Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp.*, 49 F.3d at 1267).

A motion for "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir.1996). Instead,

> a motion to reconsider is only appropriate where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered.

*Broaddus v. Shields*, 665 F.3d 846, 860 (7th Cir. 2011) (overruled on other grounds by *Hill v. Tangherini*, 724 F.3d 965, 967 n.1 (7th Cir.2013)) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). "Such problems [that are appropriate for reconsideration] rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

### IV.     Analysis

Plaintiff argues that the Court overlooked or missed arguments made by Plaintiff and should therefore reconsider the judgment to correct those errors of law and fact. In particular, Plaintiff argues that the Court did not adequately address Plaintiff's argument regarding implicit bias and stereotyping, failed to consider Plaintiff's argument that one of the other coaches who was hired did not have the experience he claimed and therefore was less qualified than Plaintiff for the position

2

he received, and overlooked Plaintiff's argument that the questions asked of Plaintiff during her interview were evidence that the hiring decision was based on her gender.

In its Opinion, the Court laid out the standard required for prevailing on gender and age discrimination claims on a motion for summary judgment using the McDonnell-Douglas burden-shifting framework. Defendant gave gender- and age-neutral reasons for its hiring decisions, so the burden shifted to Plaintiff to show that these stated reasons were mere pretext, either that the reasons were dishonest or Defendant's motive was to unlawfully discriminate. *See York v. Peake*, 286 F. App'x 318, 321 (7th Cir. 2008). The Seventh Circuit Court of Appeals has emphasized that if a defendant "honestly believed" the reasons it gave for rejecting a plaintiff's candidacy, the plaintiff cannot show pretext even if the reasons "were 'mistaken, ill considered or foolish.'" *Millbrook v. IBP, Inc.*, 280 F.3d 1169, 1175 (7th Cir. 2002) (quoting *Jordan v. Summers*, 205 F.3d 337, 343 (7th Cir. 2000)); *see also Reed v. Lawrence Chevrolet, Inc.*, 108 F. App'x 393, 398 (7th Cir. 2004).

The arguments Plaintiff asserts that the Court "missed or overlooked" are all arguments that Defendant's stated reasons for not hiring Plaintiff were pretext. The Court addressed the affidavit describing the comment about Plaintiff having a dominant personality, addressed the level of experience held by Plaintiff and the two successful candidates, and addressed the interview questions asked of Plaintiff related to her schedule,[1] but concluded that "personality fit, schedule, and ability to perform the duties of the job are relevant to the business decisions made by Defendant,

---

[1] "Plaintiff also describes some questions asked of her during the interview process as evidence that the decisions not to hire her were based on her gender: she was asked about whether she could make the time commitment to the current coaching job after having resigned from a previous position the year before due to personal scheduling conflicts and was asked how she would handle coaching her own child on the high school cross country team. Plaintiff also refers to an affidavit completed by the athletic director indicating that the successful candidate's personality was a better fit for the girls' cross country assistant coach position. Plaintiff argues that these considerations indicate that Defendant was motivated by gender stereotypes in making its decisions." Opn. 10.

3

and Plaintiff has not presented any evidence that the reasons being given by Defendant were pretext for discriminating against her on the basis of her gender," summarizing caselaw governing the matter. The Court also addressed Plaintiff's arguments that her qualifications were better than those of the successful candidates. Although it did not go into detail about the resumes of the successful candidates, it did address the legal standard for judging the qualifications, and pointed out that Plaintiff, who did not specifically designate admissible evidence in support of many of her assertions, did not demonstrate that she was "unquestionably better qualified" than the successful candidates. Although the Court did not cite every case included by Plaintiff in her brief or address every piece of unsupported evidence attached to her submission, the Court did address Plaintiff's arguments in opposition to the Motion for Summary Judgment, concluding that "Plaintiff has failed to set forth any facts demonstrating that her credentials were so superior to those of the people selected to be assistant coaches that no reasonable people would have hired them instead of hiring her, nor has she submitted any other proof that the reasons given for hiring the other candidates were pretextual."

Plaintiff has failed to show that the Court misunderstood her, that new facts have been discovered, or that there has been any change in relevant law. She has not presented any information that could not have been presented in briefing the initial Motion for Summary Judgment, and has not given any reason for the Court to reconsider its previous Opinion pursuant to Federal Rule of Civil Procedure 59.

V. **Conclusion**

For the foregoing reasons, the Court hereby **DENIES** the Motion for Reconsideration [DE

4

38] and will not disturb the judgment entered in favor of Defendant Valparaiso Community Schools and against Molly Joll as to all the claims in her Complaint.

So ORDERED this 20th day of November, 2018.

s/ John E. Martin<br>MAGISTRATE JUDGE JOHN E. MARTIN<br>UNITED STATES DISTRICT COURT

cc:    All counsel of record